UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
NORMA I. ORRIOLS,                      :
        Plaintiff,                     :
                                       :
    vs.                                :       No.  3:14cv863(WIG)
                                       :
CAROLYN COLVIN,                        :
Acting Commissioner of
Social Security,                       :
                                       :
        Defendant.                     :
-------------------------------------X
```

**RECOMMENDED RULING ON PENDING MOTIONS**

Plaintiff Norma I. Orriols has filed this appeal of the adverse decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Plaintiff now moves, pursuant to 42 U.S.C. § 405(g), for an order reversing this decision or, in the alternative, for an order remanding the case for a rehearing.  [Doc. # 12].  Defendant has responded with a motion to affirm the decision of the Commissioner.  [Doc. # 14].  For the reasons set forth below, the Court recommends that Plaintiff's motion should be granted in part, and the matter remanded to the ALJ for further proceedings.

**Background**

Plaintiff filed her applications for DIB and SSI on February 23, 2011, alleging a disability onset date of June 18, 2010.  Her claims were denied initially and upon reconsideration.  Plaintiff requested a hearing; a hearing was held before Administrative Law Judge Robert A. DiBiccaro (the "ALJ") on June 22, 2012.  The ALJ issued a decision on October 22, 2012 finding that Plaintiff had not been disabled from the onset date through the date of the ALJ's decision.

1

Plaintiff then filed a request for the Appeals Counsel to review the ALJ's decision. Attached to this request were additional medical records from Dr. Glenney, Plaintiff's orthopedic physician. These records were dated March 12, 2013 through July 3, 2013. The Appeals Counsel found that because these records were dated after the ALJ's decision, they did not meet the criteria for consideration pursuant to 20 C.F.R. § 405.401(c).[1] As such, the Appeals Counsel denied review, making the ALJ's decision final for appeals purposes. This appeal ensued.

## Standard of Review

Under 42 U.S.C. § 405(g), the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Judicial review of the Commissioner's decision is limited. *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998). It is not the Court's function to determine de novo whether the claimant is disabled. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court must undertake two levels of inquiry. First, the court must determine whether the Commissioner applied the correct legal principles. Next, the court must consider whether substantial evidence supports the Commissioner's disability determination. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). "Thus, as a general matter, the reviewing court is limited to a fairly deferential standard." *Gonzalez ex rel. Guzman v. Commissioner*, 360 F.App'x 240, 242 (2d Cir. 2010)(summary order)(citation omitted).

---

[1] Pursuant to 20 C.F.R. § 405.401(c), "If you submit additional evidence, the Appeals Council will consider the additional evidence only where it relates to the period on or before the date of the hearing decision, and only if you show that there is a reasonable probability that the evidence, alone or when considered with the other evidence of record, would change the outcome of the decision, and (1) Our action misled you; (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from submitting the evidence earlier; or (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier."

When determining whether the Commissioner's decision is supported by substantial evidence, the Court must consider the entire record, examining the evidence from both sides. *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  Substantial evidence need not compel the Commissioner's decision; rather substantial evidence need only be that evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged.  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) (internal quotation marks and citations omitted). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence."  *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotation marks and citation omitted); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...").

## The ALJ's Decision

The ALJ applied the established five-step, sequential evaluation test for determining whether a claimant is disabled.  Step one determines whether the claimant is engaged in "substantial gainful activity."  If she is, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).  Here, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (R. 87).

At step two, the ALJ evaluates whether the claimant has a medically severe impairment or combination of impairments.  In this case, the ALJ determined that Plaintiff has the following severe impairments: adjustment disorder; obesity; bilateral Osgood-Schattler's disease with chondromalacia patellar on the left; and empty sella syndrome.  (R. 87).

At the third step, the ALJ evaluates the claimant's impairments against the list of those impairments that the Social Security Administration acknowledges are so severe as to preclude

substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Part 404, Subpart P, App. 1 (2010) ("the Listings").  If the impairments meet or medically equal one of the Listings, the claimant is conclusively presumed to be disabled.  In this case, the ALJ considered Plaintiff's impairments, alone and in combination, and concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings.  (R. 87-88).

At step four, the ALJ must first assess the claimant's residual functional capacity ("RFC") and then determine whether the claimant can perform past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  Here, after considering the record as a whole, the ALJ found that Plaintiff has the RFC to perform light work, except that she was limited to occasional use of foot controls with her right lower extremity, and, due to her mental impairments, was limited to occasional interaction with others, and to following simple instructions and completing routine, repetitive tasks.  (R. 89-92).  The ALJ then determined that Plaintiff was unable to perform her past relevant work.  (R. 92).

Finally, at step five, the ALJ must determine, considering the claimant's age, education, work experience, and RFC, whether there are jobs existing in significant numbers in the national economy claimant can perform.  20 C.F.R. §§ 404.1569, 416.969.  In this case, the ALJ used the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, to conclude that Plaintiff could perform unskilled light work, and the additional limitations in the RFC have little or no effect on this occupational base.  (R. 93-92).  As such, the ALJ determined that Plaintiff had not been under a disability from the onset date through the date of the decision.  (R. 93).

## Discussion

At the Appeals Counsel review stage, a claimant is allowed to "submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996); 20 C.F.R. §§ 404.970(b); 416.1470(b).  Under the regulations, the plaintiff is expressly allowed to submit new evidence to the Appeals Council without demonstrating good cause.[2]  The Appeals council must consider new and material evidence if it is related to the relevant time period.  *See Perez* at 45.  If it fails to do so, the reviewing court must remand the case for reconsideration in light of the new evidence.  *See McIntire v. Astrue*, 809 F. Supp. 2d 13, 22 (D. Conn. 2010).  When, as here, the Appeals Counsel denies review of the ALJ's decision, the new evidence submitted "becomes part of the administrative record for judicial review." *Perez* at 45.

Here, Plaintiff argues that a report from Dr. Glenney from March 5, 2013 should be considered by the Commissioner.  This report details Dr. Glenney's findings after he performed an arthroscopic surgery on Plaintiff's right knee in February of 2013.  (R. 72).  Dr. Glenney observes that at the surgery "we found more than we anticipated finding.  I thought she had

---

[2] The Commissioner contends that remand for consideration of new material evidence is appropriate only when there is good cause for not presenting the evidence to the ALJ.  The Commissioner is mistaken; there is no good cause requirement under these circumstances where Plaintiff submitted the records during the administrative process.  *See DelValle v. Apfel*, 97 F. Supp. 2d 215, 222 (D. Conn. 1999).  As the *Perez* court explained:
> In promulgating § 404.970(b) and § 416.1470(b), the Secretary expressly authorized claimants to submit new evidence to the Appeals Council without a "good cause" requirement. *Cf.* 42 U.S.C. § 405(g) (stating that the district court may order additional evidence to be taken before the Secretary, but only upon a showing "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"). The only limitations stated in these rules are that the evidence must be new and material and that it must relate to the period on or before the ALJ's decision. This regulation was promulgated by the Secretary to provide claimants a final opportunity to submit additional evidence before the Secretary's decision becomes final. Accordingly, ignoring this new evidence on judicial review would undermine the purpose of the regulation.

*Perez* at 45.

chondromalacia of the patella, but I did not anticipate the articular cartilage injury in the femoral groove or medial femoral condyle and the medial meniscus tear." (*Id.*).

The Court finds that this March 5, 2012 report is new, material, and related to the period of time at issue before the ALJ.

Evidence is "new" when it "has not been considered previously during the administrative process," and the reports are not "cumulative to those already contained in the record." *DelValle*, 97 F.Supp.2d at 222. The medical report from Dr. Glenney is new, as it was not considered by the ALJ. *See McIntire*, 809 F.Supp.2d at 22. The report is also not cumulative because it further illuminates Plaintiff's knee condition in a way that no other records did. *See DelValle* at 222.

Evidence is material when it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988). The March 5, 2013 report is relevant to period of time at issue before the ALJ. While the report was issued after the hearing and the ALJ's decision, it contains medical findings that are relevant to the period of time the ALJ considered. The medical evidence the ALJ did consider shows that Plaintiff's right knee impairment was worsening. For example, on January 18, 2012, Plaintiff presented to her primary care physician, Dr. Korivi, with bilateral knee pain which had been ongoing for several years, recently exacerbated. (R. 488). Dr. Korivi observed that x-rays from March of 2006 reveal evidence of focal ossification at the intersection of the right quadriceps tendon. (*Id.*). Plaintiff began to see Dr. Glenney on April 26, 2012. (R. 600). On May 23, 2012, Dr. Glenney noted that NSAIDs relieved Plaintiff's knee pain temporarily, but the pain returned as soon as she stopped the medication. (R. 601). At that visit Plaintiff had a steroid injection to her right knee. (*Id.*). On June 29, 2012, Dr. Glenney noted that the right

knee did not respond to the steroid injection. (R. 608). He classified her as a surgical candidate because she had failed conservative treatment. (*Id.*). On July 17, 2012, Dr. Glenney observed that an MRI "surprisingly shows an ACL tear" and also a medial meniscus tear. (R. 609). He also noted that Plaintiff's right kneecap showed some cartilage injury consistent with the diagnoses of chondromalacia patella. (*Id.*). Dr. Glenney recommended surgery. (*Id.*). It was not until Dr. Glenney performed that surgery that he was able to see the full extent of damage to Plaintiff's right knee, as evidenced in the March 5, 2013 report. (R. 72). Though the surgery took place several months after the ALJ issued his decision, there is nothing in the record to counter the inference that Plaintiff's knee injury was objectively more severe than the ALJ – and even Plaintiff's treating doctor – thought at the time at issue before the ALJ. Accordingly, the report is relevant to the period of time the ALJ considered.

The March 5, 2013 report is also probative. First, the ALJ found Plaintiff not to be fully credible in describing her symptoms; however, the additional evidence provides valuable information as to the actual extent of injury to Plaintiff's knee. This could have bolstered her credibility regarding the severity and intensity of pain she was experiencing. In other words, the new report "tend[s] to make [Plaintiff's] subjective complaints regarding pain … more credible." *McIntire*, 809 F. Supp. 2d at 22. In addition, the new report is probative as to the functional limitations Plaintiff has. The ALJ incorporated into the RFC a finding that Plaintiff needed only occasional use of controls with her right lower extremity. The report, which shows greater knee damage than Dr. Glenney had predicted, may necessitate that more restrictive functional limitations be incorporated into the RFC.

The Commissioner claims that the report would not have influenced the Commissioner to decide the matter differently because Dr. Glenney's records indicate he considered Plaintiff only

to be briefly disabled upon surgery for work purposes.  The basis for this argument is the notations Dr. Glenney made under the "duty status" section of his reports.  For example, on March 5, 2013, a month after the surgery, Plaintiff duty status was listed as "disabled."  (R. 72).  On April 23, 2013, two months post-surgery, her duty status was listed as "unemployed x 3 years."  (R. 74).  These notations, listed under "duty status," are noted separately from Dr. Glenney's clinical assessment.  This indicates that they are not medical opinions "but rather a notation that the plaintiff was unemployed."  *Burden v. Astrue*, No. 3:07-cv-0642 (JCH), 2008 WL 5083138, at *12 (D. Conn. Aug. 26, 2008) *report and recommendation adopted,* 588 F. Supp. 2d 269 (D. Conn. 2008).  Even if these notations were intended as medical opinions, "[a] treating physician's statement that the claimant is disabled cannot itself be determinative" as that is a determination reserved to the Commissioner.  *See Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir.1999); *see also* 20 C.F.R. §§ 404.1527(e)(1) and 416.927(e)(1).  As such, the Court rejects the Commissioner's argument.

In all, the Court finds that remand is proper in this case.  Upon remand, the Commissioner is directed to evaluate the evidence, including the new reports, to determine whether the Plaintiff's medical conditions constitute disabilities within the meaning of the Social Security Act.  Based on the Court's finding that remand is necessary, the Court declines to address Plaintiff's remaining arguments.

## Conclusion

For the reasons set forth above, the Court recommends that Plaintiff's motion to reverse the decision of the Commissioner and/or remand [Doc. #12] be GRANTED in part, and Defendant's motion to affirm the decision of the Commissioner [Doc. # 14] be DENIED.  The

matter should be remanded to the Commissioner for further proceedings in accordance with this opinion.

This is a Recommended Ruling. *See* Fed. R. Civ. P. 72(b)(1).  Any objection to this Recommended Ruling must be filed within 14 days after service.  *See* Fed. R. Civ. P. 72(b)(2). In accordance with the Standing Order of Referral for Appeals of Social Security Administration Decisions dated September 30, 2011, the Clerk is directed to transfer this case to a District Judge for review of the Recommended Ruling and any objections thereto, and acceptance, rejection, or modification of the Recommended Ruling in whole or in part.  *See* Fed. R. Civ. P. 72(b)(3) and D. Conn. Local  Rule 72.1(C)(1) for Magistrate Judges.

The Clerk's Office is further instructed that, if any party appeals to this Court the decision made after remand, any subsequent Social Security appeal is to be assigned to the Magistrate Judge who issued the Recommended Ruling in this case, and then to the District Judge who issued the Ruling that remanded the case.

SO ORDERED, this   24th   day of July, 2015, at Bridgeport, Connecticut.

           */s/ William I. Garfinkel*
           WILLIAM I. GARFINKEL
           United States Magistrate Judge