UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NORMA I. ORRIOLS**,<br>　　　Plaintiff,<br><br>　　v.<br><br>**CAROLYN COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION**,<br>　　　Defendant. | No. 3:14-cv-863 (SRU) |

### RULING ON DEFENDANT'S OBJECTION TO THE RECOMMENDED RULING

　　Plaintiff Norma I. Orriols appealed from the adverse decision of the Commissioner of Social Security denying her applications for a period of disability insurance benefits and supplemental security income.  On July 24, 2015, U.S. Magistrate Judge William I. Garfinkel issued a recommended ruling (the "Recommended Ruling") recommending that the case be remanded to the ALJ (doc. # 15), on the basis that the Appeals Council improperly declined to consider new evidence.  Following an order extending the time to file objections (doc. # 17), the Commissioner timely filed an objection (the "Objection") to portions of the Recommended Ruling on August 14, 2015 (doc. # 19).  Orriols filed a reply to the Commissioner's objections on August 20, 2015 (doc. # 20) (the "Reply").  For the reasons set forth below, the Commissioner's objection is accepted in part and rejected in part.  The Recommended Ruling is adopted with modifications. The matter is remanded for further proceedings consistent with this ruling.

**I.     Background**

The court assumes the parties' familiarity with the underlying facts. A full statement of the relevant facts can be found in Magistrate Judge Garfinkel's Recommended Ruling. *See* Recommended Ruling, *Orriols v. Colvin*, 3:14-cv-863 (doc. # 15).

**II.    Standard of Review**

"In the face of an objection to a Magistrate Judge's recommended ruling, the [d]istrict [c]ourt makes a *de novo* determination of those portions of the recommended ruling to which an objection is made." *Smith v. Barnhart*, 406 F. Supp. 2d 209, 212 (D. Conn. 2005); *see also Burden v. Astrue*, 588 F. Supp. 2d 269, 271 (D. Conn. 2008). The court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's recommended ruling. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

A district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited. *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998). It is not the court's function to determine *de novo* whether the claimant was disabled. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court must review the record to determine first whether the correct legal standard was applied and then whether the record contains substantial evidence to support the decision of the Commissioner. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

When determining whether the Commissioner's decision is supported by substantial evidence, the court must consider the entire record, examining the evidence from both sides. *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). Substantial evidence need not compel the Commissioner's decision; rather substantial evidence need only be evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) (internal quotation marks and citations omitted). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotation marks and citation omitted).

Decisions of the Appeals Council refusing review are discretionary, and therefore "may be reviewable to the extent that [the decision] rests on an explicit mistake of law or other egregious error." *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001).

**III.   Discussion**

The Commissioner raises two objections to Magistrate Judge Garfinkel's Recommended Ruling: (1) the ruling relies on an incorrect legal standard in determining that the Appeals Council improperly failed to consider new evidence provided by Dr. Glenney in a March 5, 2013 report (the "Report"), Objection at 2; and (2) as a result, the ruling failed to consider all of the elements required under the correct standard, *id.* at 3. I conclude that Judge Garfinkel did apply an incorrect legal standard, but applying the correct legal standard does not change the outcome of the decision in the present case. Accordingly, the Recommended Ruling is adopted with

modifications, and the matter is remanded to the ALJ for further proceedings consistent with this ruling.

### A. The Appropriate Legal Standard for New Evidence in Connecticut

The Commissioner argues that Judge Garfinkel incorrectly based his Recommended Ruling on 20 C.F.R. §§ 404.970 and 416.1470(b) and related case law, instead of 20 C.F.R. § 405.401, which governs claims filed in Connecticut like the one at hand. Objection at 2. The Commissioner's statutory analysis is correct—although Section 404 applies in many cases, claims filed in Connecticut and other Northeastern states are subject to the procedures set out in Section 405. *See* 20 C.F.R. Pt. 405, App'x to Subpt. A ("We will apply the procedures in this part to disability claims (as defined in § 405.5) filed in . . . Connecticut."). Orriols' claim was filed in Connecticut. *See* R. 127 (indicating a Norwich, Connecticut branch office). Accordingly, section 405 applies.

The subtle distinction between section 416 and section 405 may cause confusion, particularly in the Second Circuit, where the district courts and the Court of Appeals will be applying one standard in cases arising in New York and another in cases arising in Connecticut and Vermont. Some additional explanation is therefore warranted.

Section 416.1470, which generally governs the Appeals Council's consideration of new evidence, provides that:

> (b) In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Section 416.1470 thus sets forth a "materiality" standard.

Section 405.401(c), by subtle contrast, relies on a "reasonable probability" standard. It provides that:

> If you submit additional evidence, the Appeals Council will consider the additional evidence only where it relates to the period on or before the date of the hearing decision, and only if you show that there is a reasonable probability that the evidence, alone or when considered with the other evidence of record, would change the outcome of the decision, and
>
> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier.

Although section 405.401 appears to be aimed at advising claimants, rather than at creating legal standards for the Appeals Council itself to follow, the Social Security Administration, in a 2011 comment accompanying the promulgation of section 405.401 gives section 405 more weight. The SSA states that the 2011 rules were intended to "restore the Boston region to *most* of the same rules and procedures at the Appeals Council level under parts 404 and 416." *Eliminating the Decision Review Board*, 76 FR 24802-01, 2011 WL 1637614, at *24802 (May 3, 2011) (emphasis added). It later states, however, that:

> In these final rules, we are eliminating the rule that allowed an ALJ to consider new evidence and adding final section 405.401, which restricts the conditions under which the Appeals Council can accept new evidence in DSI claims. If a claimant appeals an ALJ's dismissal of a hearing request, the Appeals Council will consider additional evidence about the dismissal and decide whether it provides a basis for granting review, as also described in final section 405.401.

*Id.* at 24803. Together, these two statements suggest that, although sections 404 and 416 may *generally* govern procedures in the Boston region, section 405.401 is an exception to that rule,

and should apply to considerations of new evidence *instead* of any provision in 416. *See Moore v. Astrue*, No. 11-CV-11936-DJC, 2013 WL 812486, at *12 n.4 (D. Mass. Mar. 2, 2013) (citing the above comment and applying section 405.401).

The elements of these two standards are substantially similar. Section 416 requires three elements: (1) the evidence must be "new"; (2) the evidence must be "material"; and (3) the evidence must "relate[] to the period on or before the date of the administrative law judge hearing decision." Section 405.401 requires four elements: (1) the evidence must be "additional;" (2) the evidence must "relate[] to the period on or before the date of the hearing decision;" (3) the proponent of the evidence must have shown "that there is a reasonable probability that the evidence, alone or when considered with the other evidence of record, would change the outcome of the decision;" and (4) the proponent has shown one of the permissible explanations for the delayed presentation of the evidence, which amounts to a showing of good cause for the tardiness.

The "new" requirement in section 416 is clearly equivalent to the "additional" requirement in 405, and requirement that the evidence relate to the relevant time period is identical in both. The "materiality" standard in section 416 is also functionally identical to the "reasonable probability" standard in 405. For instance, in *McIntire v. Astrue*, 809 F. Supp. 2d 13 (D. Conn. 2010), a decision that pre-dated the 2011 introduction of section 405.401, I stated: "Evidence is material if it is (i) relevant to the time period for which benefits have been denied and (ii) probative, meaning it provides a *reasonable probability* that the new evidence would have influenced the Commissioner to decide the claimant's application differently." *Id.* at 21 (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)) (emphasis added); *see also Philbrook v. Colvin*, No. 1:14-CV-10766-LTS, 2015 WL 2376129, at *3 (D. Mass. May 19, 2015)

(elaborating the section 405.401 standard using materiality language). In the one case I have found asserting that there is a meaningful distinction between these two standards, no explanation is given. *See Wilson v. Colvin*, No. 2:13-CV-197-JDL, 2014 WL 4715406, at *1 (D. Me. Sept. 22, 2014) (expressly rejecting a prior case applying the materiality standard as inconsistent with the Section 405 requirements). Accordingly, I see no reason to differentiate between these two elements.

The final "good cause" requirement in section 405 does not, however, appear to have an equivalent in section 416. To the contrary, the Second Circuit has held that, unlike evidence presented to a district court *after* the administrative process has concluded, Section 416 expressly does not include a "good cause" requirement for new evidence presented directly to the Appeals Council. *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) ("In promulgating § 404.970(b) and § 416.1470(b), the Secretary expressly authorized claimants to submit new evidence to the Appeals Council without a "good cause" requirement.").

By contrast, the "good cause" requirement in section 405 requires the proponent to demonstrate that the evidence was not submitted previously due to one of three enumerated reasons.[1] Section 405.401 thus revives the good cause requirement that has expressly been excised from Section 416 for the Boston region.[2]

---

[1] The proponent of new evidence must show one of the following reasons for delayed submission:

>(1) Our action misled you;
>(2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from submitting the evidence earlier; or
>(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier.

20 C.F.R. § 405.401(c).

[2] Both parties and Judge Garfinkel correctly identified the absence of a "good cause" requirement in section 416, *see* Recommended Ruling at 5 n.2; Objection at 2; Reply at 3; however, all failed to recognize that, as discussed, section 405.401 restores the "good cause" requirement deliberately removed from section 416.

In sum, disability claims filed in Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, or Connecticut are subject to the requirements of section 405.401, the primary impact of which is that those claimants make an additional showing of good cause for their delay in submitting new evidence.

      B.  <u>Application of Section 405.401(c)</u>

The Commissioner argues that the Recommended Ruling fails to adequately take into consideration the elements required under Section 405 when determining that the Appeals Council should have considered the Report. Objection at 3. Although Judge Garfinkel's ruling failed to directly consider all of the required elements in Section 405.401(c), his analysis nevertheless indicates that all of those elements are met in the present case. Because all parties agree that the Report constitutes "additional" evidence that was not previously presented to the ALJ, only the three remaining elements of section 405.401 are discussed.

First, Judge Garfinkel's analysis adequately indicates that, contrary to the finding of the Appeals Council, the Report "relates to the period on or before the date of the hearing decision." As he points out, "there is nothing in the record to counter the inference that Plaintiff's knee injury was objectively more severe than the ALJ—and even Plaintiff's treating doctor—thought at the time at issue before the ALJ." Recommended Ruling at 7; *see also Ruggiero v. Barnhart*, No. 3:02CV1347(SRU)(WIG), 2005 WL 2233219, at *9 (D. Conn. Apr. 28, 2005) (affirming the rejection of new evidence that was inconsistent with previous notes). Orriols also points out in her Reply that the Report was consistent with her own testimony about the period before the ALJ, and with treatment notes regarding an MRI that "surprisingly" revealed an ACL tear on July 17, 2012. R. 609; *see also Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (holding that new evidence generated after the ALJ's determination related to the relevant period in part

because it "directly support[ed]" testimony by the claimant's mother). The Commissioner objects to this reading, but she does not point to anything in the record suggesting that the newly discovered extent of damage to Orriols' knee was due to newly inflicted injury.

For substantially similar reasons, Judge Garfinkel's analysis also adequately indicates "a reasonable probability that the evidence, alone or when considered with other evidence of record, would have changed the outcome of the decision." As discussed above, I perceive no meaningful difference between this standard and the materiality standard that Judge Garfinkel applied. As Judge Garfinkel observed, the Report strongly suggests that Orriols' knee injury was more severe than indicated by the evidence before the ALJ. Recommended Ruling at 7; Report, R. 72 ("At surgery we found more than we anticipated finding. I thought she had chondromalacia patella, but did not anticipate the articular cartilage injury in the femoral groove or medial femoral condyle and the medial meniscus tear."). Judge Garfinkel also points out that the additional objective evidence of the severity of Orriols' harm may have "bolstered [the] credibility" of her subjective testimony regarding the pain she was experiencing. Recommended Ruling at 7.

Finally, Orriols plainly meets the "good cause" requirement of section 405.401—namely, that she was prevented from submitting the Report by an "unavoidable circumstance beyond [her] control." The evidence in question was discovered during an operation that occurred after the date of the hearing. There is no indication that any of Orriols' physicians were aware of the evidence before that operation. Recommended Ruling at 7; Report, R. 72. The Commissioner argues, in effect, that the evidence would not have been available earlier because these injuries were not present at the time of the hearing, Objection at 3-4; however, as discussed above, she has shown no evidence supporting that version of events. Accordingly, the Recommended Ruling is approved and adopted in this regard.

**IV.     Conclusion**

For the foregoing reasons, the Recommended Ruling of July 24, 2015 is APPROVED and ADOPTED with the modifications discussed.  The matter is REMANDED to the ALJ, for treatment consistent with this ruling.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of September 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
